# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DEMETRIUS G. HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-26-JPG** |
| | ) | |
| **JAMES P. BEST,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Briefly, Plaintiff alleges that, while confined at Menard Correctional Center, an inmate was beaten to death.  Plaintiff asserts that he is known to report such activities to "legal and public organizations" outside of prison.  Plaintiff states that he received a letter from the Uptown People's Law Center located in Chicago, Illinois, asking for information concerning the attack.  Plaintiff claims that the letter constituted privileged legal correspondence, but was opened by Defendant Best outside of Plaintiff's presence in violation of Plaintiff's First  Amendment and Sixth rights. Additionally, Plaintiff asserts that Best told him to keep quiet about the attack or Plaintiff would "be sorry."  Plaintiff charges that Best offered other inmates "one week extra food trays and promise[d] to bring a pizza" in exchange for assaulting Plaintiff.  Because he fears being attacked, Plaintiff states that he won't go out of his cell.  Liberally construing these allegations, it appears Plaintiff is attempting to assert an Eighth Amendment claim against Best based on the alleged acts.

<u>D</u>ISCUSSION

**A. Legal mail.**

Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe*, 196 F.3d at 782.  An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts and his right to counsel.  *Rowe*, 196 F.3d at 782.  Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.  *See Wolff*, 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993).

The Court is unable to dismiss Plaintiff's legal mail (First and Sixth Amendment claims) at this time.  Liberally construing the complaint, the opening of Plaintiff's legal mail outside of his presence may well have been intentional.

**B. Potential assault.**

Plaintiff does have an Eighth Amendment right to be protected from attacks at the hands of other inmates.  Plaintiff need not suffer an actual attack to secure *prospective* relief on a claim that prison officials have failed to adequately protect him from other inmates, *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).  Plaintiff, however, must still allege facts indicating that he is incarcerated under conditions imposing a sufficient risk of serious harm.  Applying these principles, the Court

is unable to dismiss Plaintiff's Eighth Amendment claim against Defendant Best at this time.

<u>D<small>ISPOSITION</small></u>

**IT IS HEREBY ORDERED** that the Clerk shall prepare for Defendant Best:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's work address or employer address as provided by Plaintiff.  If a Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any

4

document was served on Defendants or their counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: July 7, 2010.**

**s/ J. Phil Gilbert**
**U. S. District Judge**

5