IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEMETRIUS G. HILL,           )<br>                              )<br>     Plaintiff,              )<br>                              )<br>     v.                       )<br>                              )<br>JAMES P. BEST.,               )<br>                              )<br>     Defendant.               )<br>                              ) | Case No. 3:10-cv-00026-JPG-DGW |

**ORDER SETTING PAVEY HEARING**

On January 13, 2010, the Plaintiff, a prisoner acting *pro se*, filed a complaint alleging that Defendant James P. Best violated his First, Sixth and Eighth Amendment rights while he was incarcerated at Menard Correctional Center (Doc. 1). In answering the complaint, Defendant Best raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. §1997e(a) (Docs. 17).

The Seventh Circuit holds that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). In an attempt to comply with *Pavey* as closely as possible, the Court will follow the procedure outlined below.

1.  The parties are granted leave to conduct discovery related exclusively to the issue of exhaustion of administrative remedies.

2.  The undersigned magistrate judge will hold a hearing on the question whether Plaintiff has exhausted his administrative remedies on **February 9, 2011, at 2:30 p.m.** in the East St. Louis Federal Courthouse. Plaintiff shall participate by

videoconference.  Defendants shall appear in person.  The parties may submit briefs, affidavits, and exhibits relevant to the question of exhaustion.  Briefs, affidavits, and exhibits are due **February 2, 2011.**

3. The undersigned will make a written Report and Recommendation to the presiding United States District Judge recommending a factual determination on the exhaustion issue based on the evidence presented at the hearing.

**IT IS SO ORDERED.**

**DATED: October 6, 2010**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**