**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DEMETRIUS G. HILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 10-cv-26-JPG-PMF |
| | ) |
| **JAMES P. BEST,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant's motion for summary judgment (Doc. No. 34). The motion seeks judgment in favor of defendant Best on his affirmative defense of failure to exhaust administrative remedies. The motion is opposed (Doc. Nos. 36, 37, 44). Arguments were heard and additional facts were developed at a hearing held on July 19, 2011.

### I.  Background

Plaintiff Demetrius G. Hill filed this action pursuant to 42 U.S.C. § 1983. When Hill's Complaint was screened, his allegations were construed as asserting two claims: (1) a First and Sixth Amendment claim based on delivery of opened legal correspondence from the People's Law Center, and (2) an Eighth Amendment claim based on defendant's deliberate exposure of Hill to potential assaults by other inmates by offering food as a bribe in exchange for such assaults (Doc. No. 9). Defendant's motion targets both claims.

## II. Applicable Law

Summary judgment is proper where admissible evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact arises when the facts and inferences drawn in favor of the nonmoving party would support a verdict for that party. *Faas v. Sears, Robuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or any correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). This statute has been interpreted as requiring "a prisoner to file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; the defendants bear the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). Issues regarding this defense are to be resolved before the merits of the underlying claim are addressed. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

In Illinois, grievances must be processed through several steps: an informal decision by a correctional counselor, a formal recommendation by a grievance officer, a decision by the warden, an appeal to the Administrative Review Board (ARB), and a decision by the director. The administrative remedy process is complete once the director finally decides the appeal. 20 Ill. Adm. Code §§ 504.810, 504.830, 504.850. Inmates are not required to process a grievance more than one time.

The mandate of the Prison Litigation Reform Act extends to administrative remedies that are available. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2006). In some circumstances, an established procedure may not be available. One example is when an inmate takes all the procedural steps required but does not receive responses which are necessary to proceed to the next step. In those circumstances, a partial administrative remedy is all that is available. *Dole v. Chandler*, 438 F.3d 804, 813 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002).

### III.   Parties' Positions

Plaintiff maintains that he took all the steps required of him to complete the administrative remedy process as to his claims by submitting a written grievance to his counselor, forwarding his grievance to a grievance officer and the warden, and taking additional steps when he did not receive responses. He claims that the last steps of the process were not available because he never received responses to his written grievance from a counselor, a grievance officer, or the warden. Defendant maintains that, while Hill may have taken the first step, he bypassed the second step by filing his appeals directly with the ARB.

### IV.   Legal Mail

In June, 2009, Hill was confined in the North cell-house at Menard Correctional Center. He was assigned to a closed-front cell in the segregation unit, with restricted access to other parts of the prison. He was familiar with the prison's grievance procedure and knew how to file and appeal grievances.

On June 14, 2009, Hill drafted a grievance using the appropriate form and submitted it to a correctional counselor. He complained that he legal mail received on that day from the Uptown Law Center had been opened before it was delivered to him. He further identified defendant Best as the correctional employee who was responsible for the mail interference.

Hill did not receive a response to this grievance from a correctional counselor. He attempted to obtain a remedy from a grievance officer by forwarding a copy of his grievance to the grievance office. He delivered that grievance by placing the copy in an envelope, addressing the envelope to the grievance office, and placing the envelope in a narrow space in his cell door. He anticipated that a correctional officer would collect the envelope and direct it to the grievance office. At the time, this was a common and acceptable method for mail delivery in the segregation unit. Hill did not personally hand-deliver his grievance to any correctional employee. He did not receive a response from the grievance officer or from the warden.

Jeanette D. Cowan was the grievance officer at the relevant time. She received many grievances – more than one thousand that year – and managed her workload by keeping a log of the grievances that were received and deemed complete and timely filed. Cowan did not keep a log of grievances that were incomplete. If Cowan received Hill's grievance, she did not make an entry in her log. She may have received the grievance and attempted to forward it to a counselor.

In August, 2009, Cowan made an entry in her log describing an emergency grievance prepared by Hill. She added a code suggesting that this grievance raised a concern about legal mail. Cowan believes she received this grievance from the warden's office and formed the impression that the warden had reviewed the grievance and decided not to handle the grievance as an emergency. Cowan attempted to forward that grievance to Hill using institutional mail. That effort was unsuccessful – Hill did not receive the emergency grievance.[1]

The ARB did not receive an appeal from Hill on the subject of interference with legal mail. The ARB did receive correspondence which included a comment on this issue in June, 2010.

---

[1] The testimony at the hearing was credible, to the extent it was based on personal knowledge and not speculation.

At some point, Hill was transferred to Pontiac Correctional Center. Because inmates who have been transferred may generally submit their grievances directly to the ARB, Hill had better luck completing the administrative remedy process.

On the legal mail claim, Best has not satisfied his burden of proof on his affirmative defense. The position advanced by Best – that Hill deliberately bypassed steps in the middle of the administrative remedy process – is not well-supported by evidence. The weight of the credible evidence shows that Hill drafted a written grievance describing his specific concerns about legal mail and took all the procedural steps required of him. He first made an informal attempt to resolve his concerns with a counselor. When he did not receive a response, he made an effort to proceed to the next steps by presenting his grievance to the grievance officer and by asking for a decision from the warden, using acceptable mail delivery methods. Hill could not process an appeal because he never received necessary responses from a counselor, a grievance officer, or the warden. Hill is not at fault for failing to finalize the administrative remedy process.

### V. Exposure to Potential Assault by Other Inmates

On October 30, 2009, Hill drafted a written grievance complaining that defendant had unreasonably deprived him of an opportunity to shower that day. In making that complaint, Hill characterized the shower deprivation as a form of harassment and retaliation. He explained that the shower deprivation decision appeared to be a reaction to comments Hill made about a past incident. In relating the dialog about this past incident, Hill indicated that he thought defendant Best had, at some point in the past, solicited assaults from other inmates in exchange for offers of food.

Hill submitted this grievance to a counselor and the grievance office, using the procedure discussed above. He did not receive any response. At some point, he sent correspondence to the Office of Inmate Issues.

The shower deprivation grievance was received and examined by Gina Allen, Chairperson for the Office of Inmate Issues, in January, 2010. Ms. Allen did not interpret Hill's recitation of dialog about the prior offer of food in exchange for assault as part of Hill's grievance (Doc. No. 35-1, p. 4). She attempted to return the appeal to Hill with the indication that additional information was required. Hill did not receive the returned grievance.

Defendant Best has satisfied his burden of proof on the failure to exhaust administrative remedies defense with respect to this claim. A reasonable person would not view the October 30, 2009, grievance as a complaint about exposure to a risk of assault. Rather, this grievance is Hill's effort to obtain a remedy about the shower deprivation he experienced that day. While Hill did attempt to utilize the grievance process, his focus was the October 30, 2009, shower deprivation and not exposure to a risk of harm from other inmates.

## VI. Conclusion

IT IS RECOMMENDED that the motion for partial summary judgment (Doc. No. 34) be GRANTED in part and DENIED in part. Hill's claim that he was deliberately exposed to a risk of harm from other inmates through offers of food in exchange for assaults should be dismissed without prejudice for failure to exhaust administrative remedies.

SUBMITTED:  July 26, 2011  .

    S/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE