UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS G. HILL,

          Plaintiff,

    v.                                  Case No. 10-cv-26-JPG

JAMES P. BEST,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 55) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part defendant James P. Best's motion for summary judgment (Doc. 34) and dismiss without prejudice for failure to exhaust administrative remedies plaintiff Demetrius G. Hill's claim that he was deliberately exposed to a risk of harm from other inmates through offers of food in exchange for assaults. Hill (Doc. 59) and Best (Doc. 61) have objected to the Report, and Hill has responded to Best's objection (Doc. 63).

## I.       Report and Recommendation Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.      Report

Magistrate Judge Frazier addressed the question of whether Hill had exhausted his

administrative remedies as to the two claims identified in the Court's prior order (Doc. 9):  a

First and Sixth Amendment claim for interference with legal mail (Count 1) and an Eighth

Amendment claim for deliberate solicitation and exposure to assaults by other inmates (Count

2).  With respect to Count 1, Magistrate Judge Frazier found that Best had not shown Hill had

failed to exhaust the administrative remedies available to him.  Specifically, Hill was unable to

process his appeal to the final level because he never received necessary responses at lower

levels of appeal.  With respect to Count 2, Magistrate Judge Frazier found that Hill had failed to

exhaust his available administrative remedies because his grievance was not sufficient to alert a

reasonable person that he was complaining of solicitation and exposure to assaults by other

inmates.

### III.    Objections

####    A.    Hill's Objection (Doc. 59)

Hill objects on two bases.  First, he faults the Report with failing to consider an excessive

force claim against Best that he argues was pled in the complaint but not recognized in the

Court's prior order defining the claims in this case.  Alternatively, Hill asks the Court for leave

to file an amended complaint adding an excessive force and several other claims.  Second, he

disagrees with the Court's conclusion that Hill's October 30, 2009, grievance did not adequately

alert prison authorities to his claim in Count 2 that Best deliberately solicited and exposed Hill to

assaults by other inmates by offering them food to assault him.

The Court first addresses Hill's objection to the recommended disposition of Count 2

based on the inadequacy of Hill's grievance.  In order to satisfy the exhaustion requirement of 28

U.S.C. § 1997e(a), a prisoner's grievance and appeal must be filed "in the place, and at the time,

the prison's administrative rules require . . . [and] . . . contain the sort of information that the

2

administrative system requires." *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) (internal

citation and quotations omitted); *see Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006) (requiring

"proper exhaustion," that is, compliance with administrative deadlines and other critical

procedural rules so the agency can address the issues on the merits).  The Illinois Department of

Corrections requires grievances to "contain factual details regarding each aspect of the

offender's complaint, including what happened, when, where, and the name of each person who

is the subject of or who is otherwise involved in the complaint."  20 Ill. Admin. Code §

504.810(b) (2003).

The Court has reviewed Hill's October 30, 2009, grievance and finds it does not contain

the level of detail required by the Illinois Administrative Code and does not alert the reader that

Hill is complaining that Best bribed other inmates with food to attack him.  As part of Hill's

narrative of the events occurring on October 30, 2009, the day Hill was not allowed to shower,

Hill mentions in passing that he told Best he was aware Best had offered inmates food to assault

him.  However, the gravamen of the grievance is Best's failure to allow Hill to shower.  In

reading the grievance, no reasonable IDOC employee would construe it to be complaining of

Best's food bribes.  Magistrate Judge Frazier was correct in his conclusion.

As for Hill's complaint that the Report did not consider an excessive force claim, the

Court notes that the Report was correct not to do so.  Based on the Court's prior order (Doc. 9),

there is no such claim in this case.  However, the Court has reviewed the original complaint,

which did briefly reference the use of excessive force, and finds that the interests of justice

weigh in favor of allowing the proposed amended complaint to add such a claim.  Accordingly,

the Court will allow Hill to electronically file the proposed amended complaint.  However,

consistent with its finding that Hill has failed to exhaust his administrative remedies on his

Eighth Amendment claim regarding Best's deliberate solicitation and exposure to assaults by other inmates, Count 3 of the amended complaint (failure to protect) will be dismissed for failure to exhaust administrative remedies to the extent it relies on those allegations.

B.     Best's Objection (Doc. 61)

Best objects to Magistrate Judge Frazier's finding that he did not carry his burden of showing that Hill failed to exhaust his administrative remedies as to Count 1.  Best argues that Hill's June 14, 2009, grievance was not filed on the proper grievance form and therefore was inadequate.  He also notes that the June 14, 2009, grievance was never submitted to the Administrative Review Board ("ARB"), a crucial step in the administrative remedy process.

Best's argument fails because, on summary judgment, the Court must construe all conflicting evidence in the plaintiff's favor.  Here, Hill testified at the hearing before Magistrate Judge Frazier that he used the correct form for his June 14, 2009, grievance, so the Court must accept that as true.  Furthermore, Hill was unable to submit his grievance to the ARB because he did not receive the necessary responses at lower levels of the appeal process.  Thus, further appeal to the ARB was essentially unavailable to him.  *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).  Again, the Report was correct in its conclusion.

**IV.     Conclusion**

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 55);

- **GRANTS in part** and **DENIES in part** Best's motion for summary judgment (Doc. 34). the motion is **GRANTED** to the extent it seeks to dismiss Count 2 of the Complaint (Eighth Amendment claim for deliberate solicitation and exposure to assaults by other inmates) for failure to exhaust administrative remedies.  The motion is **DENIED** in all other respects;

- **ORDERS** that Hill shall have up to and including October 14, 2011, to electronically file

4

his proposed amended complaint;

• **DEEMS** Count 3 of the forthcoming Amended Complaint (Eighth Amendment failure to protect) dismissed for failure to exhaust administrative remedies to the extent it relies on allegations of deliberate solicitation and exposure to assaults by other inmates and

• **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  September 30, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**