# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS G. HILL, )
)
      Plaintiff, )
) Case No. 10-cv-26-JPG-PMF
vs. )
)
JAMES P. BEST, )
)
      Defendant. )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant James P. Best's second motion for summary judgment (Doc. No. 66). Plaintiff Demetrius Hill is proceeding on three claims filed pursuant to § 1983: legal mail violation (Count 1), excessive use of force (Count 2), and retaliation (Count 4). He is also pursuing a state law claim of assault and battery (Count 5).[1] These claims challenge the conditions Hill experienced while he was confined in a segregation unit at Menard Correctional Center.

Best's second motion targets Counts 2 and 4. He seeks dismissal on the affirmative defense of failure to exhaust administrative remedies.[2] The motion is opposed (Doc. Nos. 70, 71). Facts pertaining to the exhaustion defense were developed at a hearing held on July 19, 2011.

---

[1] Count 3 was dismissed prior to filing for failure to exhaust administrative remedies (Doc. No. 64).

[2] Affirmative defenses must be raised in the pleadings. Fed. R. Civ. P. 8(c). In October, 2011, Best sought permission to delay filing of his responsive pleading. That motion was not opposed and was allowed. The Court therefore considers the defense despite the absence of a formal response to the Amended Complaint (Doc. Nos. 68, 69).

## I. Applicable Law

The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or any correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). This statute has been interpreted as requiring "a prisoner to file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to exhaust administrative remedies is an affirmative defense; the defendant bears the burden of proof. *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). Issues regarding this defense are to be resolved before the merits of the underlying claim are addressed. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

In Illinois, grievances must be processed through several steps: an informal decision by a correctional counselor, a formal recommendation by a grievance officer, a decision by the warden, an appeal to the Administrative Review Board (ARB), and a decision by the director. The administrative remedy process is complete once the director finally decides the appeal. 20 Ill. Adm. Code §§ 504.810, 504.830, 504.850. Inmates are not required to process a grievance more than one time.

The mandate of the Prison Litigation Reform Act extends to administrative remedies that are available. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2006). In some circumstances, an established procedure may not be available. One example is when an inmate takes all the procedural steps required but does not receive responses which are necessary to proceed to the next step. In those circumstances, a partial administrative remedy is all

that is available. *Dole v. Chandler*, 438 F.3d 804, 813 (7th Cir. 2006); *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002).

## II. Count 2 - Excessive Force

Best seeks dismissal of Hill's excessive force claim, arguing that Hill did not exhaust his available administrative remedies because he never submitted a grievance on this topic at the institutional level (Doc. No. 67, pp. 12-14). Hill responds with evidence that he prepared a grievance regarding Best's use of excessive force on August 12, 2009. He submitted the grievance to his counselor and also to a grievance officer but received no response (Doc. No. 70, p. 13).

Best relies on the affidavit of Tracy Gruber-Harrington. She is a grievance officer at Menard Correctional Center. Gruber-Harrington reviewed two grievance logs prepared for the months of August, October, November, and December, 2009. Those records do not indicate that Hill filed a grievance regarding excessive force with the grievance office.

For the following reasons, the Court does not find the statements in Gruber-Harrington's affidavit persuasive. While she claims to have personal knowledge of the facts set forth, this statement is not quite accurate. Exhibits attached to Gruber-Harrington's affidavit lend support to Jeanette Cowan's testimony at the July 19, 2011, hearing. Cowan testified that she was the grievance officer during the relevant time. The exhibits show "JC" as the initials of the grievance officer making log entries (Doc. No. 67–1, pp. 12-21). Hence, Gruber-Harrington's statement that "[n]o grievances, emergency or non-emergency, were received by the Grievance Office at Menard from Inmate Hill in October, November, or December of 2009" appears to be based not on personal knowledge but on an inference, drawn from her review of records prepared by Cowan. The Court

declines to draw the same inference. Gruber-Harrington assumes that Jeanette Cowan made a log entry every time a grievance was received by the grievance office. At the hearing, Cowan explained that some grievance forms were not logged when they were received in the grievance office. In addition, the materials reviewed by Gruber-Harrington omit log entries for the month of September, 2009. Because the excessive force incident being challenged by Best is alleged to have occurred in August, 2009, this evidentiary gap raises additional doubts about the strength of the evidence supporting the defense.

On the other hand, Hill's statements that he (1) prepared a grievance regarding the excessive force giving rise to Count 2 on August 12, 2009, (2) submitted the grievance to his counselor and also to a grievance officer, and (3) received no response, are credible. Those statements are consistent with other information on file and support a finding that Hill exhausted available administrative remedies by taking all the procedural steps required of him. Because the weight of the credible evidence favors Hill, Best's affirmative defense should be rejected on Count 2.

### III. Count 4 - Retaliation

The exhaustion defense is also tendered on Count 4. Best advances four arguments: that Hill failed to submit grievances regarding some conduct at the institutional level, that Hill failed to submit grievances regarding some conduct at the ARB level, that Hill obtained a final decision as to some conduct after his suit was filed, and that the exhaustion defense has already been resolved as to some of the challenged conduct. Hill responds that he drafted and submitted seven grievances and did everything within his power to exhaust his available administrative remedies for the issues raised. To facilitate the analysis, the events described in Hill's retaliation claim are discussed in chronological order.

The first retaliatory act attributed to Best is a June, 2009, threat to Hill's safety and physical well-being. Specifically, Hill alleges that Best verbally threatened to inflict great bodily harm if Hill cooperated with the Uptown Law Center (Doc. No. 65, p. 3, 10). Best's argument here is that Hill failed to submit a grievance at the ARB level. He supports that position with the affidavit of Gina Allen. Allen is a chairperson for the ARB. She searched ARB records and was unable to locate materials related to this incident (Doc. No. 35-1, pp. 1-5). Because a decision by the ARB represents the final step in the grievance process, Allen's statements permit a reasonable inference that Hill failed to exhaust his available administrative remedies as to this part of his retaliation claim.

Hill responds with his with his affidavit and a hand-written copy of a grievance he prepared on June 14, 2009. In his affidavit, Hill states that he "detailed Defendant Best's physical threats against me to keep me from cooperating with the Uptown Law investigation" (Doc. No. 70-3, p. 2). The hand-written copy of Hill's June 14, 2009, grievance does not support Hill's statement (Doc. No. 70-1). That grievance focused on Hill's concerns about the manner in which incoming mail was handled. While the final sentence hinted at "events of retaliation" by Best, Hill stopped short of describing particular acts (Doc. No. 37-1).[3] The other items submitted do not lend further support for a finding that Hill exhausted available remedies on this aspect of his retaliation claim. In short, due to a disconnect between statements in Hill's affidavit and the actual grievance, there is insufficient credible evidence to overcome the reasonable inference that Hill failed to exhaust his available administrative remedies on this aspect of his retaliation claim.

---

[3] Hill's copy was submitted at the hearing as Plaintiff's Exhibit 1. The exhibit was accepted as a complete copy of the summary included in the June 14, 2009, grievance.

The second and third retaliatory acts attributed to Best are considered in tandem. The second is a decision to restrict Hill's access to a shower and the third is an unprovoked physical assault. Hill alleges that both incidents occurred on August 12, 2009 (Doc. No. 65, pp. 3-4, 10). As to these alleged retaliatory acts, Best takes the position is that Hill attempted to appeal directly to the ARB, without first submitting a grievance at the institutional level (Doc. No. 67, p. 17). In response, Hill calls attention to his efforts to process his August 12, 2009, grievance at the institutional level.

The materials submitted show that Hill prepared a grievance regarding these events, implicating Best, on August 12, 2009 (Doc. No. 70-4). Hill submitted the August 12, 2009, grievance to a counselor and the grievance office (Doc. No. 70-3, p. 2). That grievance was subsequently received by the ARB on October 30, 2009.

Best relies on the affidavit of Gruber-Harrington. Gruber-Harrington reached conclusions based on her review of some grievance office records. Those conclusions are not persuasive, for reasons listed above. The credible evidence lends more support to a finding that Best has not met his burden of proof on these aspects of his affirmative defense.

The fourth retaliatory act attributed to Best is a housing decision. Hill attributes a September, 2009, housing assignment to Best and alleges that he was required him to share a cell with a mentally unstable inmate known to be prone to violence (Doc. No. 65, pp. 3, 10; Doc. No. 70-3, p. 2). Best's position here is that Hill did not present this claim to the ARB. He presents the affidavit of Gina Allen, which supports the reasonable inference that Hill did not exhaust his administrative remedies as to this aspect of his retaliation claim.

In response, Hill points to grievances he prepared in October and November, 2009. These grievance materials have been reviewed. While they generally reference ongoing retaliation tactics

and harassment, they do not alert prison officials to the particular conduct in question: Best's decision to place Hill in a cell with a potentially violent inmate. Because the more credible evidence supports the defense, this aspect of Hill's retaliation claim should be dismissed for failure to exhaust administrative remedies.

The fifth retaliatory act is a deprivation of barber services, alleged to have occurred in October, 2009 (Doc. No. 65, p. 4-5, 10). Best's position is that Hill did not exhaust his administrative remedies with respect to this incident until months after he filed his lawsuit. Best relies on the affidavit of Gina Allen, who explains that the ARB resolved Hill's grievance pertaining to haircut deprivation in May, 2010 (Doc. No. 35-1, p. 4). Best correctly cites to *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999), for the proposition that administrative remedies may not be exhausted while litigation is pending.

Hill filed this action in January, 2010, and exhausted his administrative remedies as to his haircut incident in May, 2010. Because administrative remedies on this incident were exhausted after the suit was commenced, this aspect of the retaliation claim should be dismissed.

The final retaliatory act is an October, 2009, effort to bribe inmates by offering food in exchange for infliction of bodily injury to Hill (Doc. No. 65, pp. 5, 10). Best's position is that the exhaustion defense has been decided in his favor on this claim. On September 30, 2011, Judge Gilbert adopted a recommendation and dismissed a related claim (former Count 2) based on deliberate solicitation and exposure to assaults (Doc. No. 64).

The undersigned agrees that this aspect of the retaliation claim has been resolved in favor of Best. The supporting events are identical and there is no reason to reach a different conclusion now that the events have been offered to support the retaliation claim in Count 4.

## IV. Conclusion

IT IS RECOMMENDED that defendant's motion for summary judgment (Doc. No. 66) be GRANTED in part and DENIED in part, as follows. The following portions of Count 4 should be dismissed without prejudice for failure to exhaust available administrative remedies prior to suit:

(a). Retaliation by threatening great bodily harm on June 14, 2009,

(b). Retaliation by causing Hill to be housed with a mentally unstable inmate in September, 2009,

(c). Retaliation by depriving Hill of barber services, and

(d). Retaliation by offering food to bribe inmates to inflict harm on October 10, 2009

If this recommendation is adopted, Count 1, Count 2, and the following portions of Count 4 will remain for further proceedings and trial:

(a). Allegations of shower deprivation on August 12, 2009, and

(b). Allegations of physical assault without provocation on August 12, 2009

**SUBMITTED:** April 30, 2012 .

    S/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**