UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMETRIUS G. HILL,

    Plaintiff,

v.

JAMES P. BEST,

    Defendant.

Case No. 10-cv-26-JPG

# MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 72) of Magistrate Judge Philip M. Frazier recommending that the Court grant in part and deny in part defendant James P. Best's second motion for summary judgment (Doc. 66) and dismiss without prejudice for failure to exhaust administrative remedies certain retaliation claims of plaintiff Demetrius G. Hill. Hill has objected to the Report (Doc. 73).

## I. Report and Recommendation Review Standard

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. Report

Magistrate Judge Frazier addressed the question of whether Hill had exhausted his administrative remedies as to two claims pled in the Amended Complaint: excessive use of force (Count 2) and retaliation (Count 4). With respect to Count 2, Magistrate Judge Frazier

found that Hill exhausted the administrative remedies that were available to him by preparing and submitting a grievance to his counselor and to a grievance officer.  He received no response, which was required before he could pursue further administrative steps, so no further steps were available to him.  With respect to Count 4, Magistrate Judge Frazier found Hill had failed to exhaust his administrative remedies for all allegedly retaliatory conduct except a restriction on shower access and an assault, both alleged to have occurred August 12, 2009.

### III.     Objections and Analysis

In his objection, Hill argues that a June 14, 2009, grievance was sufficient to alert prison officials to retaliatory acts involving his legal mail.  Hill seems to be under the mistaken impression that retaliatory interference with legal mail is part of Count 4.  It is not.  The retaliatory acts in Count 4 are set forth in paragraph 59 of the Amended Complaint and do not mention legal mail.  Count 1, which centers on issues involving legal mail, remains pending and has not been challenged for failure to exhaust administrative remedies.

Hill also argues that, although he exhausted his grievance for retaliatory deprivation of barber services after he filed this lawsuit, there was no way he could have known that the Administrative Review Board, the final step in the administrative remedies process, was considering his grievance.  He asserts it was reasonable for him to assume that, like many of his other grievances, his grievance about barber services would receive no response.  While the Court has some sympathy with Hill, this does not justify an exception to the exhaustion requirement of 42 U.S.C. § 1997e(a).  Hill's retaliation claim based on barber services will be dismissed without prejudice, and Hill is free to refile that claim in another lawsuit in which the exhaustion requirement may not be a barrier.

Finally, Hill argues that his October 30, 2009, grievance about being deprived of a

shower was sufficient to exhaust his administrative remedies about his complaint that Best was soliciting other inmates to attack him in return for food.  In its September 30, 2011, order, the Court determined that Hill's October 30, 2009, grievance did not contain the level of detail required by the Illinois Administrative Code and did not alert the reader that Hill was complaining that Best bribed other inmates with food to attack him.  This is true regardless of whether he is pursuing a failure to protect theory or a retaliation theory.  The Court need not address this further.

In sum, the Court has reviewed the portions of the Report to which objections have been made and finds, for the reasons stated above, that the Report was correct.  The Court has reviewed the remainder of the Report for clear error and finds none.

## IV.   Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 72);

- **GRANTS in part** and **DENIES in part** Best's motion for summary judgment (Doc. 66);

- **DISMISSES without prejudice** Count 4 (retaliation) for failure to exhaust administrative remedies to the extent it is based on:

    (a)   Retaliation by threatening great bodily harm on June 14, 2009,
    (b)   Retaliation by causing Hill to be housed with a mentally unstable inmate in September 2009,
    (c)   Retaliation by depriving Hill of barber services, and
    (d)   Retaliation by offering food to bribe inmates to inflict harm on October 10, 2009; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED:  July 2, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**